IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL D. CHAFFEE                                               PLAINTIFF

V.                              NO. 12-3042

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration               DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Michael D. Chaffee, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff filed his applications for DIB and SSI on November 8, 2008, alleging disability since January 1, 2007, due to ""Copd, bursitis, osgood slaughter disease, asthma." (Tr. 155-165, 190, 195). An administrative hearing was held on May 26, 2010, at which Plaintiff appeared with

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

-1-

AO72A
(Rev. 8/82)

counsel and testified. (Tr. 33-96).

By written decision dated September 13, 2010, the ALJ found that since the onset date of disability, January 1, 2007, to April 7, 2010, Plaintiff had an impairment or combination of impairments that were severe - chronic obstructive pulmonary disease (COPD), asthma, hypertension, and a history of bilateral inguinal hernia repair. (Tr. 13-14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found that between January 1, 2007 and April 7, 2010, Plaintiff had the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that he cannot climb and can only occasionally balance, stoop, kneel, crouch, and crawl. He must also avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, and gases.

(Tr. 16). With the help of a vocational expert (VE), the ALJ determined that since January 1, 2007, until April 7, 2010, Plaintiff was not capable of performing his past relevant work, but that there were other jobs Plaintiff would be able to perform, such as assembly work, machine tender, and cashier. (Tr. 19). The ALJ also determined that beginning on April 7, 2010, the date the claimant's age category changed, considering his age, education, work experience, and RFC, there were no jobs that existed that Plaintiff could perform. (Tr. 19). Therefore, the ALJ found that Plaintiff was not disabled prior to April 7, 2010, but became disabled on that date and has continued to be disabled through the date of this decision. (Tr. 19-20). Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on February 3, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the

undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**I.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff raises the following issues on appeal: 1 & 2) The ALJ erred in making his RFC determination and failed to give proper weight to Dr. Burnett's opinion; 3) The ALJ erred in applying the grids; 4) The ALJ erred in dismissing Dr. Vann Smith's report; and 5) There is not substantial evidence to support the ALJ's decision.

   **A.   RFC Determination and Use of Grids:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes

medical records, observations of treating physicians and others, and the claimant's own description of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, Plaintiff was diagnosed with COPD three times in 2007 by Dr. Richard L. Burnett at the Burnette, Croon, Lincoln, and Paden Clinic. (Tr. 315, 317, 319). On September 5, 2007, a chest x-ray revealed no acute process in the chest. (Tr. 324).

On February 26, 2008, a handwritten note on a Spirometry Report indicated "Mild COPD." (Tr. 321). On April 18, 2008, Dr. Burnette assessed Plaintiff with COPD and asthma. (Tr. 313). On April 18, 2008, another chest x-ray was taken, and the findings were as follows:

> The cardiovascular silhouette is within normal limits. Examination of the lungs reveal no focal infiltrates or effusions. Again noted are the enlarged proximal pulmonary vessels and COPD that is unchanged from previous studies.

(Tr. 323).

On June 15, 2008, Plaintiff presented himself to the Baxter Regional Medical Center complaining of difficulty breathing. (Tr. 308). He indicated that he "took big swig" of "snapps"

and could not catch his breath for a while. (Tr. 308). He also was reported to have quit smoking six months prior. (Tr. 308). He was diagnosed with dyspnea-resolved. (Tr. 308). A chest x-ray revealed "Mild interstitial disease and granulomatous changes, but no focal infiltrates or effusions appreciated." (Tr. 310).

Plaintiff again presented himself to Baxter Regional Medical Center on October 26, 2008, and was diagnosed with asthma and COPD. (Tr. 306).

On December 3, 2008, Dr. Ronald Crow completed a Physical RFC Assessment, and found that Plaintiff was capable of performing medium work with certain limitations. (Tr. 328-335).

On May 18, 2010, Dr. Burnette assessed Plaintiff with severe COPD and an abnormal EKG. (Tr. 371).

On July 5, 2010, Dr. Erick R. Araneda, a cardiologist, gave the following impression:

> 1. Normal myocardial perfusion imaging without evidence of ischemia.
> 2. Overall left ventricular systolic function was normal without regional wall motion abnormalities. Ejection fraction is normal at 64%
> 3. Normal pharmacological stress testing with no complications
> 4. No prior study available for comparison

(Tr. 375).

On July 27, 2010, Dr. Burnett wrote a letter "To Whom it May Concern," stating that Plaintiff had a diagnosis of severe exertional asthma and non cardiac chest pain, and that he "is unable to work and it would be advisable for him to apply for disability." (Tr. 377).

The ALJ addressed all of the above medical records in his decision, and noted that none of the medical records demonstrated that Plaintiff was limited in any particular fashion as of January 1, 2007, his alleged onset date. (Tr. 18). The ALJ continued:

AO72A
(Rev. 8/82)

> In fact, little evidence of treatment regarding the claimant's impairments at the time of the alleged onset date has been provided. That is also corroborated by the claimant's questionnaire that was completed after the hearing which showed 20 visits to Dr. Burnett in a 24 year time period (Exhibit 17E). The medical evidence shows, though, that after the claimant reached age 50, his COPD was severe (Exhibit 8F), and Dr. Burnett noted that he had severe exertional asthma (Exhibit 12F).

(Tr. 18).  The ALJ also addressed Dr. Burnett's letter dated July 27, 2010, and noted that whether someone is "disabled" is a determination reserved solely to the Commissioner. (Tr. 17). He also said that Dr. Burnett's letter was discounted because it did not address when Plaintiff's disability began. "Even if the undersigned accepted Dr. Burnett's letter, it would only establish disability as of July 27, 2010, because the letter does not state that the claimant was disabled at any earlier time." (Tr. 18).  "A treating source's opinion is to be given controlling weight where it 'is supported by acceptable clinical and laboratory diagnostic techniques and where it is not inconsistent with other substantial evidence in [a claimant's] case record.'" Halverson v. Astrue, 600 F.3d 922, 929 (8th Cir. 2010)(quoting Tilley v. Astrue, 580 F.3d 675, 679 (8th Cir. 2009); 20 C.F.R. § 404.1527(d)(2). When a treating source's opinion is not controlling, it is weighed by the same factors as any other medical opinion: the examining relationship, the treatment relationship, supporting explanations, consistency, specialization, and other factors. Lehnartz v. Barnhart, 142 Fed.Appx. 939, 940 (C.A.8 (Minn. 2005).

It is noteworthy that on April 18, 2008, when Dr. Burnett assessed Plaintiff with COPD and asthma, x-rays of Plaintiff's chest revealed that his COPD was unchanged from previous studies, which indicated Plaintiff had "mild COPD." (Tr. 321, 323). The next time Plaintiff saw his treating physician was on May 18, 2010, when Dr. Burnett diagnosed Plaintiff with "severe COPD." (Tr. 371). Plaintiff appears to argue that Plaintiff was disabled from the onset date of

AO72A
(Rev. 8/82)

January 1, 2007, rather than when he turned 50 years of age on April 7, 2010.

It is true that under the regulations, the age categories are not applied mechanically in a borderline situation. 20 C.F.R. § 404.1563(b); see Peevy v. Colvin, 2013 WL 610360 *4, No. 12-2043 (W.D. Ark. Feb. 19, 2013). However, Plaintiff was not becoming of "advanced age" on the onset date of January 1, 2007, and the ALJ did not use the grids in determining whether Plaintiff was disabled on the onset date. Instead, he used the testimony of the VE in determining Plaintiff was not disabled as of January 1, 2007, and used the grids to find Plaintiff disabled on April 10, 2010.

The ALJ addressed Plaintiff's daily activities, considered the medical records as well as Plaintiff's expression of his own limitations, and the Court finds there is substantial evidence to support the ALJ's RFC, and that the ALJ considered Dr. Burnett's opinion and gave sufficient reason for discounting it.

Although the non-examining consultant opined that Plaintiff would be able to perform medium work, the ALJ found Plaintiff to be more limited prior to April 7, 2010, and found him to be capable of sedentary work.

The Court finds there is substantial evidence to support the ALJ's RFC assessment and conclusion that Plaintiff was not disabled prior to April 7, 2010.

    **B.**    **Dr. Vann Smith's Evaluation:**

Plaintiff argues that the ALJ wrongly discounted Dr. Smith's report. The ALJ discussed Dr. Smith's report as follows:

> According to Dr. Smith, the claimant's mental impairments rendered him "disabled at this time" (Exhibit 7F). However, the results from Dr. Smith's tests are not fully consistent with his diagnosis.

> Dr. Smith administered the Wechsler Adult Intelligence Scale (WAIS), and the claimant scored a verbal IQ of 98, performance IQ of 94, and full scale IQ of 97 (Exhibit 7F). Such test scores do not indicate a cognitive dysfunction which so limits the claimant that he cannot perform basic work activities. Dr. Smith performed a number of other tests and concluded that they showed a pattern of abnormal responses consistent with the organic brain dysfunction of moderate severity that was long standing (Exhibit 7F). Those findings are conclusory, however, because his report never explains how the results are abnormal. The claimant testified concerning head injuries, but no medical evidence related those specific injuries to any loss of mental capacity.
>
> . . . Dr. Smith indicated in a medical source statement that in several areas the claimant was either seriously limited or unable to meet competitive standards, but those findings are not consistent with someone who has a full scale IQ of 97. The medical source statement is also discounted because the claimant continued to engage in some basic work activities through 2007 and 2008 (Exhibit 4D), even if they did not reach the level of substantial gainful activity. Consequently, the claimant's cognitive dysfunction is considered a non-severe impairment.

(Tr. 14).

Courts have affirmed decisions in which one-time examination reports from Dr. Vann Smith were accorded little weight. See Hudson v. Barnhart, 2005 WL 1560249, *1 (8th Cir. Jul. 6, 2005)("The ALJ gave good reasons for his resolution of the conflict between the mental RFC opinion of Dr. Smith versus those of consulting psychologist Paul Iles and the agency reviewing psychologists"). In Clement v. Barnhart, 2006 WL 1736629 (8th Cir. June 26, 2006), the Eighth Circuit concluded that the ALJ properly discounted the RFC assessment in Dr. Smith's report "after finding it was not supported by his own testing and evaluation, or by other medical evidence in the record, and was inconsistent with Clement's reported daily activities." Id. at *1. District Courts in the Western District of Arkansas have affirmed the ALJ decisions which accorded little weight to Dr. Vann Smith's opinions. See Cole v. Astrue, 2009 WL 3158209, *8

(W.D.Ark. Sept. 29, 2009)(holding that Dr. Smith's opinion was inconsistent with the remaining medical evidence of record); Partee v. Astrue, 2009 WL 2987398, *1 (W.D. Ark. Sept. 14, 2009)(holding that the ALJ clearly recited the evidence of record and why he gave more weight to the findings of Dr. Bunting over that of Dr. Smith); Haarstad v. Astrue, 2009 WL 2324711, *5 (W.D. Ark. July 27, 2009). The court in Cole also found that the ALJ was not biased against Dr. Smith, but merely pointed out the "inconsistencies within Dr. Smith's assessment and the inconsistencies between Dr. Smith's assessment and the other medical evidence of record." 2009 WL 3158209 at *8, n.1.

The undersigned is of the opinion that the ALJ merely pointed out the "inconsistencies within Dr. Smith's assessment and the inconsistencies between Dr. Smith's assessment and the other medical evidence of record." Id. The Court finds there is substantial evidence to support the ALJ's decision to discount Dr. Smith's opinion.

### C.     Substantial Evidence:

Plaintiff asserts that his previous arguments support the fact that there was not substantial evidence to support the ALJ's findings. However, based upon the Court's foregoing analysis, as well as the reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's findings.

## IV.    Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

-10-

IT IS SO ORDERED this 2nd day of July, 2013.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)